

James Lastra
2241 Lafayette Ave
Bronx, New York, 10473
Phone/fax: (718) 822-0728

MEMORANDUM ENDORSED

April 14, 2008

**URGENT**
The Honorable Judge Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court, S.D.N.Y.
500 Pearl Street 10007

James Lastra v. Columbia University 07civ.7479 **URGENT**
Re: Request for additional time to submit reply regarding Motion
to Strike because of unusual prejudicial circumstances created
by Defendant's counsel, Laura Barbieri.

Dear Judge Gorenstein:

I am the Plaintiff pro se in the above entitled action. I write Your Honor to apprise the Court of unusual prejudicial circumstances created by Defendant Laura Barbieri's Cross Motion submitted in response to Plaintiff's Motion to Strike her late papers.

Plaintiff's Reply is due today but because of the urgency of the situation Plaintiff **implores and prays the Court** would consider the grave matters outlined in this letter. Plaintiff attempted to contact Ms. Barbieir but she was unavailable.

Ms. Barbieri was supposed to submit an affidavit in Opposition to Plaintiff's motion to Strike regarding rule 6(b) (2) and case law concerning same. Instead of responding to Plaintiff's motion to Strike, she conflated 2 separate issues within her submission /Cross Motion. Her Cross Motion is in reality is a back door deceptive method of submitting an additional Opposition Reply to Plaintiff's Motion to Remand; of which she admittedly filed a late reply to the Court.

**Plaintiff did not realize until this weekend the prejudicial position this would place him in since Plaintiff may have to submit an Opposition for this separate issue in order to preserve his legal rights regarding his Motion to Remand, should your Honor accept Defendant's backdoor Cross Motion attempting to Strike**

**Plaintiff's Motion to Remand.**[1] Ms Barbieri, in her Cross Motion, makes a vast number of different arguments in opposition to Plaintiff's Motion to Remand which are separate issues from Plaintiff's Motion to Strike; and would require a well thought out response in fact and law. Especially since Ms. Barbieri makes a number of representations which are not factual and require Plaintiff to rebut.

In reality I would be forced to do 2 separate replies to preserve my legal rights- 1)- A reply for the Motion to Strike and 2) a reply to her Cross Motion attempting to Strike Plaintiff's Motion to Remand . This is an unforeseen prejudicial circumstance created by Defendant Laura Barbieri. And Plaintiff asserts is deceptive because Ms. Barbieri has already submitted an Opposition to plaintiff's Motion to Remand, which is late.

**Additionally Plaintiff believes that Ms. Barbieir would have to seek permission from the Court to submit another additional motion in Opposition to Plaintiff's Motion to Remand and her Cross Motion is in violation of the Court's Individual Practices in general and specifically concerning part E. which states that** Filing of Motion papers. *"Motion papers shall be filed with the Clerk's office promptly following the service on all parties. Courtesy copies must be sent to Chambers in accordance with 2.C above" (emphasis added).* Plaintiff consulted with the Pro se office and was advised that Ms. Barbieri's document has not been filed with the Court which is in violation of the Court's Practices.

Because Ms. Barbieri is a experienced litigation attorney specializing in complex litigation Plaintiff asserts that her actions were a deliberate strategy done in a deceptive manner in order to deceive and confuse an inexperienced Plaintiff pro se and to foreclose Plaintiff's legal rights in regard to his Motion to Remand under the guise of a Opposition to Plaintiff's Motion to Strike. Her Opposition was supposed to address her late filings **not conflate a separate issue of Plaintiff's Remand.**

I believe Defendant Counsel framed her submission papers in this manner to deceive and confuse Plaintiff and deceive this Court in order to prejudice my legal rights regarding my motion to Remand

Because of urgency of these unexpected, unusual circumstances which are prejudicial to Plaintiff preserving his legal rights to Remand and the time sensitive nature of this request, Plaintiff **implores and prays** the Court would grant an extension of time of seven days until Monday the 20 to submit his reply and would also grant either a Court conference or teleconference to resolve the issues outlined in this letter concerning the 2 replies which may be necessary for Plaintiff to submit.

---

[1] Plaintiff consulted with the Pro se Office today and was advises that he should do an separate Opposition to Defendant's Cross Motion in Opposition to Plaintiff's Motion to Remand notwithstanding the fact that Defendant previously already filed a late Opposition to Plaintiff's Motion to Remand. Plaintiff was advised that he should consult with the Court because of the unusual circumstance.

2

pg 3

MEMORANDUM ENDORSED

Plaintiff <u>needs</u> the intervention and guidance of the Court to resolve this situation and clarify these matters to an inexperienced pro se Plaintiff of his responsibilities in addressing this unusual circumstance so that his legal rights of Remand are not foreclosed.

Again Plaintiff implores an prays the Court would grant his request in this exceptional circumstance in accordance to the leniency afforded to pro se litigants in **Haines v. Kerner, 404 U.S.S. 519; 1972.U.S. Supreme Court.**

Respectfully Submitted,

James Lastra
Plaintiff pro se

Cc: Laura D. Barbieri Esq.
Shoeman, Updiike and Kaufman LLC

*Extension to Tuesday, April 15 granted. No further extensions. (Any reply to the cross-motion by April 29.)*

SO ORDERED. DATE: 4/14/2008

GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE