UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES LASTRA,                                            :
                                               ORDER
               Plaintiff,             :  07 Civ. 7479 (BSJ) (GWG)

   -v.-                                                 :

COLUMBIA UNIVERSITY, et al.,              :

               Defendants.           :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Background

      This case was filed in New York State court and removed by the defendants on August 23, 2007. Plaintiff filed a motion to remand on September 24, 2007 (Docket # 9). Defendants filed an answer to the complaint on October 26, 2007 (Docket # 11) and filed opposition papers to the motion to remand on November 2, 2007 (Docket ## 13, 14). The motion to remand is pending before Judge Jones.

      Plaintiff subsequently filed a motion to strike the defendants' answer and opposition papers (Docket # 15). Defendants opposed this motion in papers dated December 13, 2007, which were not filed with the Court until January 17, 2007 (Docket ## 18, 20). These opposition papers also included a cross-motion seeking various forms of relief. The Court granted plaintiff four separate requests for extensions, which resulted in the plaintiff having 90 days to respond to defendants' opposition papers. Plaintiff's response was ultimately filed on April 16, 2008 (Docket # 26).[1] Defendants submitted a declaration of counsel in further support of their cross-motions on April 30, 2008 (Docket # 27).

Discussion

      As an initial matter, the Court notes that it has a pre-motion conference requirement that was not followed by either party in this case. See Individual Practices of Magistrate Judge Gabriel W. Gorenstein, ¶ 2.A. While the Court has not always enforced this requirement, and will not do so with respect to the current motions, it will do so in the future.

---

    [1] Plaintiff's reply papers include argument in support of his motion to remand. That motion is pending before Judge Jones and thus plaintiff's arguments with regard to that motion are not addressed here.

A. <u>Plaintiff's Motion to Strike</u>

Plaintiff moves to strike as untimely (1) the defendants' answer and (2) their papers filed in opposition to his remand motion.

1. <u>Motion to Strike the Answer</u>

With respect to the answer, the striking of the answer would result in a default against the defendants, a highly disfavored remedy. See, e.g., State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 168 (2d Cir. 2004) ("Default judgments are generally disfavored and are reserved for rare occasions.") (citation and internal quotation marks omitted). In light of this principle, counsel's explanation for the late-filed answer – including the fact that plaintiff continued to prosecute the state court action even after it had been removed to federal court and the fact that the complaint named multiple defendants and contained multiple claims – will be deemed sufficient to satisfy the excusable neglect standard under Fed. R. Civ. P. 6(b).

Plaintiff cites cases for the proposition that mistakes by counsel or counsel's workload are explanations insufficient to satisfy the standard for excusable neglect. See Docket # 26, at 14-15. Plaintiff also cites cases for the proposition that courts should refuse to accept untimely filings even in circumstances where there was only a minor delay in filing and no prejudice resulted. Id. at 15-17. Putting aside the question of whether these cases stand for the broad propositions asserted, none of them struck an answer on the ground that it was untimely filed.

Notably, plaintiff's claims of prejudice ring hollow. Plaintiff asserts that he has been prejudiced by the defendants' late filing of their answer in that "Plaintiff was not allowed by the Court to file an Amended Complaint in Federal Court S.D.N.Y. because of Defendant, Laura Barbieri's 'late filed Answer.'" Id. at 7. Plaintiff's inability to file an amended complaint without leave of the court, however, arose from the fact that the defendants filed an answer at all – not that they filed it late. In other words, had the defendants filed a timely answer, plaintiff would have been equally precluded from filing an amended complaint at the time he attempted to do so.

Plaintiff also asserts that he has been prejudiced by his inability to locate or subpoena witnesses. Id. at 8-10. The motion to remand is still pending, however, and the Court is unaware that any discovery has taken place in the 07 case. Moreover, plaintiff gives no specifics as to how defendants' untimely filing of their answer impeded any particular item of discovery. Significantly, plaintiff himself sought three months to respond to the defendants' cross-motion and opposition papers.

Accordingly, the motion to strike the answer is denied.

2

2. <u>Motion to Strike Defendants' Opposition to the Remand Motion</u>

With respect to the motion to remand, for the same reasons stated above, defendants have satisfied the excusable neglect standard under Fed. R. Civ. P. 6(b). Notably, extensions of briefing schedules have been routinely granted by ths Court, including, as already noted, a period of 90 days that was granted to plaintiff for his responsive papers on this motion alone. While defendants did not, as plaintiff did, seek the extension in advance of the deadline as they should have, that is no reason to impose a sanction that would have the effect of granting relief on default, a highly disfavored remedy. Moreover, the striking of any response would be particularly inappropriate inasmuch as the plaintiff's motion to remand itself contained numerous defects, including the failure to include a notice of motion. Accordingly, the motion to strike the papers filed in opposition to the motion to remand is denied and these papers are considered timely filed.

B. <u>Defendants' Cross-Motion</u>

Defendants' cross-motion seeks six forms of relief:

> to (1) strike plaintiff's Amended Complaint and Second Amended Complaint; (2) vacate service on any defendants served with the invalid Amended Complaint or Second Amended Complaint; (3) strike plaintiff's Motion to Remand, which is based on plaintiff's invalid Amended Complaint; (4) strike plaintiff's Motion to Strike, which is based on plaintiff's invalid Amended Complaint (5) enlarge defendants' time to file their Answer and Affirmative Defenses (Answer) nunc pro tunc to October 26, 2007, and vacate default, if any; [and] (6) enlarge defendants' time to file their Opposition to Plaintiff's Motion to Remand nunc pro tunc to November 2, 2007. . . .

Notice of Motion, dated Dec. 13, 2007 (Docket # 20).

With respect to item # 1, the only complaint in this matter of which the Court is aware is the one annexed to the Notice of Removal. Any filing of an amended complaint in state court following the removal was without effect. Inasmuch as no amended complaint has been filed in federal court, any motion to strike an Amended Complaint or Second Amended Complaint is moot.[2]

---

[2] Plaintiff apparently presented an amended complaint in this case to the Pro Se Office for filing in November 2007. The Pro Se Office properly declined to file the amended complaint on the ground that there was no order permitting its filing. <u>See</u> Fed. R. Civ. P. 15(a)(2). While plaintiff recently filed a motion to amend his complaint (Docket # 28), that motion has not been ruled upon.

3

With respect to item #2, the Court does not understand how even purported service under Fed. R. Civ. P. 4 could properly have been made of any Amended Complaint (or Second Amended Complaint) inasmuch as the Clerk of this Court presumably would not have issued a summons with respect to a pleading that had not been filed. In any event, because no amended complaint has been filed in this matter, any service of such a document is necessarily void. The defendants papers do not give the details of who these papers have been served on (or whether they were accompanied by a summons) and thus the Court cannot issue an order vacating purported service as to any specific individual.

Item # 3 constitutes an argument in opposition to the motion to remand and thus must be raised as part of that briefing.

Inasmuch as plaintiff's motion to strike is itself denied for the reasons stated above, Item # 4 is denied as moot.

Items ## 5 and 6 are granted for the reasons stated in the previous section.

Conclusion

In sum, plaintiff's motion to strike (Docket # 15) is denied. Defendants' cross-motions (Docket # 20) are denied in part and granted in part.

SO ORDERED.

Dated: May 9, 2008
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies to:

James Lastra
2241 Lafayette Avenue
Bronx, NY 10473

Laura Dawn Barbieri
Schoeman Updike & Kaufman, LLP
60 East 42nd Street, 39th Floor
New York, NY 10165

4