```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
JAMES LASTRA,                      :
                                   :
                    Plaintiff,     :
                                   :
          v.                       :
                                   :
COLUMBIA UNIVERSITY, JOSEPH ULAM,  :
DAVID GRAD, PHILLIP AMMONDS,       :
HOWARD HARTIG, TINA RICE, BARBARA  :
SINGLETON, BARBARA JORDON, LENIER  :
HARLEY, OLAWE FALOKUN, KENNETH     :
FINNEGAN, PATSY CATAPANO, CESAR    :
PEREZ, and LAURA BARBIERI,         :
Individually, and as Agents,       :
Servants and/or Employees,         :
                                   :
                    Defendants.    :
----------------------------------x
```

COPY MAILED / FAXED TO:
COUNSEL FOR PLTFF(S): ___
COUNSEL FOR DFT(S): ✓
PLTFF PRO SE: ✓
DFT. PRO SE: ___
DATE: 7-29-08
BY: SMC

07-CV-7479 (BSJ) (GWG)

**Order**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On June 28, 2007, pro se Plaintiff James Lastra ("Lastra" or "Plaintiff"), filed a complaint in this action in the Supreme Court of New York, Bronx County (the "Complaint"). On August 23, 2007, defendants Columbia University ("Columbia") and Laura Barbieri ("Barbieri") filed a notice of removal with the United States District Court for the Southern District of New York with respect to the Complaint (the "Notice of Removal"). Plaintiff has moved to remand the action to the state court. For the reasons below, Plaintiff's motion to remand is DENIED.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ___
DATE FILED: 7/29/08

**BACKGROUND**

Lastra, a former employee of Columbia's Office of Annual Giving, filed the Complaint in the instant action ("the 2007 Action"),[1] alleging, inter alia, that Columbia, various Columbia employees, and Barbieri as Columbia's counsel discriminated against Plaintiff based on his race, gender, and physical disability.  Compl. ¶ 5.  The Complaint includes claims under the Equal Pay Act, 29 U.S.C. § 206 et seq., the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., the New York State Human Rights Law, N.Y. Exec. Law § 296, section 201-d of the New York State Labor Law, and "any and all applicable state laws."  Id. In addition to discrimination claims, the 2007 Action also sets forth claims for, inter alia, defamation, slander, libel, interference with business advantage, fraudulent representations, and harassment, based on many allegations related to the circumstances of Plaintiff's employment and termination.[2]  See Compl.

---

[1]   Plaintiff previously filed suit in the United States District Court for the Southern District of New York in 2005, Lastra v. Columbia University, 05 CV 3247 (BSJ)(GWG) ("the 2005 Action").  In the 2005 Action, Plaintiff brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging discrimination by several of the same defendants named in the 2007 Action during the course of Plaintiff's employment at Columbia and subsequent termination.  Am. Compl. (Oct. 21, 2005).

[2]   For example, with respect to allegations against Joseph Ulam, the Complaint contains claims for, inter alia, fraudulent representation and interference with business advantages that are based on allegations that stem from the circumstances of Plaintiff's employment and termination.  Compare, e.g., Compl. ¶ 6 ("Upon information and belief in April 2007 Plaintiff became aware that Director Joseph Ulam did discriminate and act with malice against Plaintiff's [sic] because of a previous false arrest.") (emphasis omitted), with id. ¶ 7 ("Upon information and belief in April 2007 defendant Joseph

Columbia's counsel accepted service of the 2007 Action on Columbia's behalf on August 17, 2007, and Barbieri accepted service on her own behalf on August 20, 2007. Barbieri Decl. ¶ 3. On August 23, 2007, as noted above, Columbia and Barbieri the Notice of Removal with this Court.[3] Barbieri Decl. ¶ 4. Subsequently, Plaintiff attempted to file an amended complaint (the "Proposed Amended Complaint"), which appears to have been stamped "Received" on "September 21, 2007" by the state court, asserting the same allegations as set forth in his Complaint but omitting all express references to his federal claims.[4] Proposed Am. Compl. On September 22, 2007, Plaintiff moved to remand the 2007 Action to state court.

---

Ulam . . . did terminate plaintiff . . . because of said false arrest [and] . . . intentionally and maliciously made a number of fraudulent representations in writing and verbally to Plaintiff's co-workers and others . . . at Columbia University."); see also id. ¶ 23.2 ("Defendant Joseph Ulam did interfere with plaintiff's business advantage by depriving plaintiff of a position . . . which plaintiff was qualified for and had seniority for. Defendant Joseph Ulam discriminated against plaintiff, concealed the information of the position from plaintiff . . . and gave the position to a white woman with less qualifications who was the live-in girlfriend of Defendant David Grad.") (emphasis omitted).

[3] Barbieri is a member of Schoeman, Updike & Kaufman, LLP, attorneys for Columbia and certain individually-named defendants: Joseph Ulam, Phillip Ammonds, Howard Hartig, Tina Rice, Lenier Harley, Kenneth Finnegan, Patricia Catapano, Esq., Cesar Perez, Esq., and Laura Barbieri, Esq. (collectively, "the Opposing Defendants"). While only Columbia and Barbieri filed the initial Notice of Removal, the Opposing Defendants have jointly filed papers in opposition to Plaintiff's motion to remand.

[4] The Proposed Amended Complaint also added new defendants and inserted an allegation pertaining to one of the new defendants. Mot. to Remand Ex. A. On September 27, Plaintiff attempted to file the Proposed Amended Complaint with this Court. Affirmation in Supp. of Mot. to Amend Compl. Ex. C. The Pro Se Office rejected Plaintiff's Proposed Amended Complaint because the caption indicated that the document was intended for state court. Id. Plaintiff made a second attempt to file the Proposed Amended Complaint with this Court after the Defendants had filed their Answer to the Complaint, but due to the Defendants' filing, the Pro Se Office again rejected Plaintiff's Proposed Amended Complaint. Id. at ¶ 16 & Ex. C. A motion to amend the Complaint is presently before Magistrate Judge Gorenstein.

In their opposition to the motion to remand, the Opposing Defendants cite to the fact that the only affidavit of service in the state court's file prior to September 26, 2007 was the affidavit that documents the service of Barbieri on August 20, 2007.[5] Carrion Decl. Ex. A. Thus, the Opposing Defendants argue, at the time the notice of removal was filed, Columbia and Barbieri were the only defendants served. Mem. of Law in Opp. to Mot. to Remand at 16; Carrion Decl. ¶ 3 & Ex. A.

**DISCUSSION**

I.  Motion to Strike

Before proceeding to its discussion regarding the motion to remand, the Court notes that Plaintiff has filed an objection to a May 9, 2008 Order by Magistrate Judge Gorenstein in this case (Docket Entry No. 29), which, inter alia, denied Plaintiff's motion to strike (1) Defendants' Answer to the Complaint and (2) Defendants' papers filed in opposition to Plaintiff's motion to remand.[6] Plaintiff had argued that both the Answer and opposition papers were untimely.

---

[5]  Lastra has not asserted that other defendants had been served.

[6]  The Opposing Defendants filed an Answer to the Complaint on October 26, 2007, which Plaintiff contends was approximately two months late, and papers in opposition to the motion to remand on November 2, 2007, which Plaintiff contends were twenty-six days late.

The Court notes that Plaintiff's objection to the May 9, 2008 Order was untimely because it was filed on May 24, 2008, more than ten business days after Judge Gorenstein's May 9, 2008 order was served on Plaintiff by fax. See Fed. R. Civ. P. 6(a) & 72(a). Because Plaintiff proceeds pro se, however, the Court will nevertheless consider his objection. See Schwartz v. Capital Liquidators, Inc., No. 87 Civ. 3418, 1988 WL 45624, *1 (S.D.N.Y. May

A district court reviews a magistrate judge's determination of a non-dispositive issue using the "clearly erroneous or contrary to law" standard and reviews dispositive matters "de novo." See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(A); Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). Since Judge Gorenstein did not file a report recommending a dispositive result and instead issued a non-dispositive pre-trial order, Plaintiff's objection is meritorious only if the order is clearly erroneous or contrary to law. See American Stock Exchange, LLC v. Mopex, Inc., 215 F.R.D. 87, 92 (S.D.N.Y. 2002) ("[D]ispositive rulings are those that finally resolve a party's claim or defense, not those that simply resolve an issue.") (internal quotations omitted); see also Carmona v. Wright, 233 F.R.D. 270, 276 (N.D.N.Y. 2006) ("Here, Judge Peebles's order declined to file a report recommending a dispositive result; namely, dismissal. Accordingly, it is nondispositive . . . ."). "An order is 'clearly erroneous' when the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" S.E.C. v. Cobalt Multifamily Investors I, Inc., 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008) (quoting Chen v. Bd. Of Immigration Appeals, 435 F.3d 141, 145-46 (2d Cir.

---

2, 1988) (considering a plaintiff's untimely objections under Rule 72(a) because he appeared pro se).

2006)). "An order is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Id. (quoting Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004)).

Judge Gorenstein denied Plaintiff's motions to strike, finding that Defendants' Answer and the opposition to the motion to remand should be considered timely filed because Defendants satisfied the excusable neglect standard under Fed. R. Civ. P. 6(b). As Judge Gorenstein explained, defense counsel's reasons for the late filings are sufficient to satisfy the "somewhat 'elastic concept'" of Rule 6(b).[7] See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 57 (E.D.N.Y. 2008). Since the excusable neglect inquiry is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,"[8] Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003), Judge Gorenstein found that counsel to Defendants had adequately explained that the Answer was filed late, in part, because Plaintiff continued to prosecute the state court action

---

[7] Even "mere inadvertence, without more, can in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 58 (E.D.N.Y. 2008) (citing Raymond v. Int'l Bus. Machs. Corp., 148 F.3d 63, 66 (2d Cir. 1998)).

[8] "Factors to be considered in evaluating excusable neglect include '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)) (alterations in original).

6

after it had been removed to federal court and the Complaint named multiple defendants and contained multiple claims. Furthermore, Judge Gorenstein noted that extensions are routinely granted by this Court, and that Plaintiff himself had received ninety days to file his responsive papers on his motion to strike. Furthermore, Judge Gorenstein found that Plaintiff was not prejudiced as claimed because even if Defendants had filed a timely answer, Plaintiff still would have been precluded from filing the Proposed Amended Complaint with this Court at the time he attempted to do so. Finally, as Judge Gorenstein noted, a default judgment, which would result if the motion to strike the answer were granted, is a highly disfavored remedy. Considering the elastic concept of Rule 6(b) and the "highly deferential standard" afforded a magistrate judge's order regarding a non-dispositive matter, these factors formed a sufficient basis for Judge Gorenstein's order. MacNamara v. City of New York, 249 F.R.D. 70, 77 (S.D.N.Y. 2008).[9] Accordingly, because Judge Gorenstein's order was not clearly erroneous or contrary to law, Plaintiff's objection to Judge Gorenstein's May 9th Order is DENIED.

---

[9] As the Court noted above, the deferential standard applied to non-dispositive orders is appropriate here because the result ordered by the magistrate judge, not the result sought by the plaintiff, governs the determination of whether the decision is dispositive. See Steele v. Costco Wholesale Corp., No. 03 CV 0713, 2005 WL 1068137, at *1-2 (E.D.N.Y. May 6, 2005) (holding that although plaintiff sought the entry of a default judgment, because the magistrate judge declined to impose the dispositive sanction, the judge's decision was governed by Rule 72(a) and the clearly erroneous or contrary to law standard).

II. Motion to Recuse Judge Gorenstein

Because Plaintiff proceeds pro se, the Court also construes the subsection in Plaintiff's Affirmation in Support of this objection entitled "Magistrate Gorenstein Has Shown a Personal Bias Against Plaintiff" as a motion to recuse Judge Gorenstein, an issue that has also been raised by Plaintiff in his submissions in the 2005 Action. Plaintiff argues that Judge Gorenstein displayed this bias by implying that Plaintiff altered a document that had been supplied to Plaintiff during discovery. Plaintiff contends that Judge Gorenstein also displayed a bias against Plaintiff by calling court security after Plaintiff complained that the Court and the Opposing Defendants' counsel were not accurately representing prior statements made by Plaintiff on the record. Furthermore, Plaintiff argues that the Court's decision to change its August 20th Order reflects a personal bias because the decision was made after Plaintiff complained that Barbieri had violated the Order and after Barbieri submitted a letter that allegedly defamed Plaintiff. Finally, Plaintiff argues that Judge Gorenstein is biased because, before becoming a judge, he graduated from Columbia Law School and worked for a law firm for which Columbia served as a trustee.

A judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. §

455(a), or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "[J]udicial rulings and judicial remarks during the course of a trial that are disapproving of, or even hostile to, counsel, the parties, or their cases do not support a claim of bias or partiality unless they reveal 'such a high degree of favoritism or antagonism as to make fair judgment impossible.'" Francolino v. Kuhlman, 365 F.3d 137, 143 (2d Cir. 2004) (quoting Liteky v. U.S., 510 U.S. 540, 555 (1994)).

Here, the Court finds that Judge Gorenstein's remarks and rulings do not reach "such a high degree of favoritism or antagonism as to make fair judgment impossible." See Liteky, 510 U.S. at 555. Furthermore, the Court finds that Plaintiff's claims that Judge Gorenstein is biased because he attended Columbia Law School and formerly worked at a firm for which Columbia served as a trustee provide no reasonable basis, standing alone, to question his impartiality in this case. See United States v. Lovaglia, 954 F.2d 811, 817 (2d Cir. 1992) (finding that recusal was not required where presiding judge had social and business dealings with a family whose business entities were the victims of the defendants' racketeering activity, where the judge's relationship with the family "ended seven or eight years prior to sentencing"); S.E.C. v. Grossman,

9

887 F. Supp. 649, 658-659 (S.D.N.Y. 1995) (denying a recusal motion based on judge's prior affiliation with a law firm that employed one of the defendants in the case). Accordingly, Plaintiff's motion to recuse the Magistrate Judge to whom this case has been referred is DENIED.

III. Legal Standard on a Motion to Remand

"On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003). "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper. . . . Unless that burden is met, the case must be remanded back to state court." Id. In determining whether removal was proper, a court "must . . . consider the complaint at the time of removal." In re Methyl Tertiary Butyl Ether Prod. Liab. Litig., 399 F. Supp. 2d 356, 363 (S.D.N.Y. 2005) (emphasis added).

A defendant may remove from state to federal court any civil action over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Absent diversity jurisdiction, "federal courts have original jurisdiction only over cases that present federal questions, . . . [which] exist[] only when the plaintiff's well-pleaded complaint raises issues

of federal law." Fin. and Trading, Ltd. v. Rhodia S.A., No. 04 Civ. 6083, 2004 WL 2754862, at *4 (S.D.N.Y. Nov. 30, 2004) (citations omitted); see also Empire HealthChoice Assur., Inc. v. McVeigh, 396 F.3d 136, 140 (2d Cir. 2005). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

However, the artful pleading exception to the well-pleaded complaint rule prevents a plaintiff from defeating removal by "disguising a federal claim as a claim arising under state law." Bowlus v. Alexander & Alexander Servs., Inc., 659 F. Supp 914, 918 (S.D.N.Y. 1987). The "traditional form of the artful pleading doctrine allows for removal of a state claim only if the claim is preempted, or a state remedy is not available for other reasons, and the claim, if well-pleaded, would necessarily be a federal claim." Box Tree S., Ltd. v. Bitterman, 873 F. Supp. 833, 837 (S.D.N.Y. 1995) (citing Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 760 (2d Cir.), cert. denied 479 U.S. 885 (1986)). "The more recent form of the artful pleading exception . . . authorize[s] federal jurisdiction of a federal claim where: 1) the elements of the state law claim are 'virtually identical' to those of a claim expressly grounded on federal law; and 2) the plaintiff has previously elected to

11

litigate the controversy in federal court." Id. at 838 (citing Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981); Travelers, 794 F.2d at 760-61).

IV. Motion to Remand

Plaintiff's arguments in support of his motion to remand to state court, construed liberally,[10] state that removal was improper because: (1) the Proposed Amended Complaint invokes only state laws; (2) the state law claims in the 2007 Action are different from the federal claims brought in the 2005 Action; and (3) Barbieri did not remove the instant action to federal court with the unanimous consent of all Defendants. As a preliminary matter, the Opposing Defendants argue that the Court should not consider Plaintiff's Proposed Amended Complaint in deciding this motion because the Proposed Amended Complaint was received in state court after Barbieri and Columbia filed the Notice of Removal. Specifically, these Defendants removed to federal court on August 23, 2007, while Plaintiff presented the Proposed Amended Complaint in state court on September 21, 2007. Because "subject matter jurisdiction is determined based on the complaint in effect at the time removal," Gan v. Hillside Ave. Assocs., No 01 Civ. 8457, 2001 WL 1505988, at *2 (S.D.N.Y. Nov. 26, 2001), and because once a notice of removal is filed a state

---

[10] Because Plaintiff proceeds pro se, the Court construes Plaintiff's submissions to "raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

12

court is prohibited from accepting an amended complaint for filing "unless and until the case is remanded," 28 U.S.C. § 1446(d), the Court will look to the original Complaint in determining whether removal was proper.[11]

On its face, the Complaint invokes two federal laws by name, the Equal Pay Act and the Fair Labor Standards Act. In his motion to remand, Plaintiff argues that he did not intend to include these federal claims. Because Plaintiff proceeds pro se and because in some circumstances "a motion to remand can be taken into account as evidence of plaintiff's intent when determining if a complaint pleads a claim arising under federal law," Atanasio v. Bhd. of Locomotive Eng'rs & Trainmen, 424 F. Supp. 2d 476, 484 (E.D.N.Y. 2006) (citing Vitarroz Corp. v. Borden, Inc., 644 F.2d 960, 964 (2d Cir. 1981)), the Court will not base its decision that removal was proper on Plaintiff's allegedly "inadvertent mistaken technical use of legal terminology." Mot. to Remand ¶ 3. However, even if Plaintiff only intended to bring state law causes of action in his Complaint, the Opposing Defendants argue that the artful

---

[11]  Plaintiff's attempts to file the Proposed Amended Complaint with this Court also took place after the case was removed to federal court, and there is a Motion to Amend the Complaint pending before Magistrate Judge Gorenstein (Docket Entry No. 28). As Judge Gorenstein has set forth in an Order dated July 7, 2008, that motion has some relevance to the present inquiry because the Proposed Amended Complaint omits Plaintiff's explicit federal claims. However, without ruling on the motion, the Court notes that it would reach the same result in its inquiry on the motion to remand even if the Proposed Amended Complaint was accepted. The Proposed Amended Complaint contains the same state claims, at least one of which is virtually identical to a federal law claim, as those in the original Complaint.

13

pleading exception to the well-pleaded complaint rule applies in this case. The Court agrees.

Although Plaintiff argues that the state law claims in his 2007 Action differ from the federal claims brought in his 2005 Action, Plaintiff's claim under New York Executive Law § 296 meets the first prong of the more recent form of the artful pleading test. The elements of the New York Human Rights Law and Title VII are "virtually identical." Kremer v. Chem. Constr. Corp., 456 U.S. 461, 479-80 (1982) (since the "elements of a successful employment discrimination claim are virtually identical," petitioner could not succeed on a Title VII claim consistently with a prior judgment that petitioner's claim under New York Executive Law § 296 was meritless); Adler v. S. Orangetown Cent. Sch. Dist., No. 05 Civ. 4835, 2008 WL 190585, at *15 n.11 (S.D.N.Y. Jan. 17, 2008) ("The elements of an employment discrimination claim are 'virtually identical' under the New York Executive Law and Title VII.") (quoting Sabatino v. Flik Int'l Corp., 286 F. Supp. 2d 327, 332 (S.D.N.Y. 2003)). Both laws require plaintiff to establish a prima facie case of discrimination by demonstrating: "(1) the plaintiff is a member of a protected class; (2) the plaintiff was qualified for [his or] her position; (3) the plaintiff suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of

discrimination."[12]  Bryant v. Verizon Commc'ns, Inc., 550 F. Supp. 2d 513, 534 (S.D.N.Y. 2008) ("As a general matter, employment discrimination claims brought pursuant to the [New York] Human Rights Law are evaluated under the same standards that apply to Title VII cases.").

Plaintiff's claim under New York Executive Law § 296 also meets the second prong of the more recent form of the artful pleading test.  In the 2005 Action, Plaintiff elected to proceed in a federal forum.  Plaintiff brought an employment discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. based on many similar allegations regarding his employment at Columbia.[13]  Thus, Plaintiff's claim under New York Executive Law § 296 meets both prongs of the more recent form of the artful pleading exception

---

[12] Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), provides:
>It shall be an unlawful employment practice for an employer-
>(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin.

New York Executive Law § 296(1) provides:
>It shall be an unlawful discriminatory practice:
>(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual.

[13] Compare, e.g., Am. Compl. ¶ 13, Oct. 21, 2005 ("[Plaintiff's] supervisor, David Grad, had on a consistent basis subjected [Plaintiff] and other workers to extremely bigoted, racist and sexually offensive lewd remarks which created a hostile work environment."), with Compl. ¶ 10, June 28, 2007 (Defendant David Grad, a white Caucasian male, subjected plaintiff to discriminatory harassment because of plaintiff's race and national origin as a Hispanic male . . . ."), and id. at 12 ("Defendant David Grad made bigoted remarks causing a harassing environment making plaintiff and other workers feel belittled and inferior.").

and authorizes federal jurisdiction.[14]  See Box Tree S., Ltd. v. Bitterman, 873 F. Supp. 833, 838 (S.D.N.Y. 1995).

Since the Court has original jurisdiction over one of Plaintiff's claims, the Court has supplemental jurisdiction over the remaining claims in the 2007 Action if those claims and the § 296 claim "are so related . . . that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.  Claims are "part of the 'same case or controversy' within § 1367 when they 'derive from a common nucleus of operative fact.'"  Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006).  To determine whether claims arise from a common nucleus of operative fact, a court must consider whether "the facts underlying the federal and state claims substantially overlapped . . . [or] the federal claim necessarily brought the facts underlying the state claim before the court." Id.

Plaintiff's claim under New York Executive Law § 296 and Plaintiff's other claims in the 2007 Action are based on a common nucleus of operative fact, the circumstances surrounding Plaintiff's employment and termination.  For instance, to support a § 296 claim, Plaintiff alleges that Joseph Ulam, one

---

[14] Because "[a]ll that is required to remove a case to federal court is a single claim that is an 'artfully pled' federal claim," Feuerman v. Sears, Roebuck and Co., No. 96 Civ. 0120, 1996 WL 648966, at *4 (S.D.N.Y. Nov. 6, 1996), the Court will not consider whether any of Plaintiff's other allegedly state claims were artfully pled.

16

of Plaintiff's superiors while he worked at Columbia, "discriminate[d] . . . against Plaintiff[] because of a previous false arrest." Compl. ¶ 6. And to support a fraudulent representations claim, Plaintiff alleges that Joseph Ulam terminated Plaintiff "because of said false arrest [and] . . . intentionally and maliciously made a number of fraudulent representations in writing and verbally to Plaintiff's co-workers and others . . . at Columbia." Id. at 7. These and other allegations relate to the allegedly hostile environment of Plaintiff's former workplace and to his subsequent termination. See, e.g., id. at 40 ("Defendant, Philip Ammonds by his knowingly fraudulent representations against plaintiff to third party fellow employees did also subject plaintiff to public hatred, shame . . . ."). Thus, because the Court properly has jurisdiction over the artfully pled claim in the 2007 Action,[15] and because the other state law claims form part of the same case or controversy, this Court may exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367.

Plaintiff's remaining argument, that removal was improper because Barbieri did not have the unanimous consent of all

---

[15] The Court also has jurisdiction over the federal claims pleaded by Plaintiff in his Complaint, unless Plaintiff chooses to dismiss those claims because he did not intend to bring them. See Fin. and Trading, Ltd. v. Rhodia S.A., No. 04 Civ. 6083, 2004 WL 2754862, at *4 (S.D.N.Y. Nov. 30, 2004).

Defendants to remove this action, is unavailing. The "rule of unanimity" does not require the consent of all defendants as a condition of removal; it only requires the consent of all defendants served at the time the removal petition is filed. See Smith v. Kinkead, No. 03 Civ. 10283, 2004 WL 728542, at *2-3 (S.D.N.Y. 2004). Defendants have shown, and Plaintiff has not disputed, that at the time of removal, only Barbieri and Columbia had been served. Because both of these parties consented to removal, the unanimity requirement is satisfied.

Accordingly, in light of the foregoing, the Court finds that Plaintiff's claims were properly removed to federal court.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion to remand the present action to state court is DENIED (Docket Entry No. 9). Furthermore, Plaintiff's objection to Magistrate Judge Gorenstein's Order dated May 9, 2008 (Docket Entry No. 31) is DENIED. Finally, any motion made by Plaintiff to recuse Magistrate Judge Gorenstein as set forth within the objection to the Order dated May 9, 2008 (Docket Entry No. 31) is DENIED.

**SO ORDERED:**

                                        **BARBARA S. JONES**
                                        **UNITED STATES DISTRICT JUDGE**

Dated:    New York, New York
            July 29, 2008